Gaston, Judge
 

 The ground on which the case places the rejection of the testimony of the witness
 
 Macon,
 
 seems to us not tenable. The defendant was endeavoring to prove# communication made to him, of certain offensive remarks of the plaintiff. If this fact were one proper and material for his defence, he had a right to establish it by any of the moans which the law allows for the ascertainment of truth. He might prove the fact, and all the particulars of it, directly by the person who made the communication to him, or by any other person cog-nisant of, and recollecting it — or he might establish it by-testimony of other facts, from which the inference of the controverted facts could fairly arise, or having proved it in part and in some of its particulars by one witness, he might supply the defect iu this proof either by the direct testimony of another witness as to the omitted part, or by such indirect and presumptive evidence as warranted an inference of the existence of that omitted.
 
 Eaton
 
 had testified that he communicated to the defendant all the offensive terms which
 
 Macon
 
 told him had been used concerning the defendant by the plaintiff; that this was done when.
 
 Ma con’s
 
 communication was fresh in his memory ; that he now recollected a part only of what he had thus heard, and thus communicated to the defendant, and was unable to state, for he had forgotten the residue.
 
 Macon’s
 
 offered testimony was to supply this chasm in the testimony of the former witness. Had he been permitted to state that part of his communication to
 
 Eaton
 
 which
 
 Eaton
 
 could not recollect, but which be was
 
 *411
 
 positive was made known to the defendant, then the jury would have had proof as to the whole of the matter Communicated to the defendant — that is, full testimony as to part by
 
 E'atoñ,
 
 and proof by the testimony of
 
 Eaton
 
 and
 
 Macon
 
 united, as to the other part. How far the accuracy, of either, or of both, could be relied upon, was of course a question wholly for the jury.
 

 In an action for an assault and battery,all the circumstances accompanying the transaction, are admissible in mitigation of damages ; b.ut it is otherwise of words spoken by either party, at a different time.
 

 But we are nevertheless, of opinion, that no error was committed by the rejection of the testimony, because the fact sought to be established by it was not admissible, either in mitigation of damages, or as explanatory of tho transaction. On the subject of damages the jury have a very extensivé discretion, and while the law is anxious that they should possess the material's for a full exercise of this discretion, it is sedulous to keep fr@m them what is.ordinarily.calculated to distract their attention, and to mislead their judgment. The law also desires to confine evidence to the matters put in issue by the pleadings, and Which, the parties may be presumed to come prepared to investigate. The rule adopted and handed down to us as fitted to accomplish these ends, is, to permit all the circumstances accompanying and forming a part of the transaction, to be laid before the jury.— These give a character to the act, and aid in ascertaining the nature and extent of an injury, which is very much modified by circumstances, arid which it it is always very difficult to'estimate with precision; and as the parties come prepared to investigate the transaction itself, neither can complain of surprise by testimony of circumstances passing at the time, and forming a part of the transaction. But antecedent matters of provocation not immediately connected with the assault itself, arc rather calculated to turn tho attention of the jury from the proper question, the nature of the injury complained of and its adequate compensation, to a vague inquiry into •the reciprocal wrongs of the parties, in which they can have no guide but capricious and over varying opinion, which are not put in issue by tho pleadings, which the parties are not prepared to investigate, and which never can be fully investigated without an indefinite and
 
 *412
 
 unlimited inquisition into the prior conduct of each of the parties in relation to the other. "We believe the rule . . a wise one ; but be it wise or unwise, we find it existing as a rule of law, and it is our doty to uphold it. The, provocation which the defendant wanted to show passed half an hour before the assault, did not immediately lead to it, and cannot be considered as a part of the transaction which was then under the investigation of the jury. The evidence of
 
 Eaton
 
 which was objected to by the plaintiff, would probably not have been admitted, had the Judge understood that it related to a matter so disconnected in act, and so remote in time from the assault, as by his statement it appeared to be. But at all events, after its objectionable character was manifested, •the Judge acted right in refusing to continue and extend an irrelevant, and therefore improper, enquiry.
 

 It is the opinion of this Court, that there is no error in the judgment of the Court below’, and that it must be affirmed.
 

 Pbr Cúriam. — Judgment affirmeB.